UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-20896-CR-LENARD

**UNITED STATES OF AMERICA,**

v.

**WILLIE SMITH,**

  Defendant.
_____/

### ORDER DENYING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(1)(A) (D.E. 480)

**THIS CAUSE** is before the Court on Defendant Willie Smith's *pro se* Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A), ("Motion," D.E. 480), filed on January 29, 2024.[1] The Government filed a Response in opposition ("Response," D.E. 483), on February 12, 2024. Defendant did not file a Reply and the time to do so has passed. Upon review of the Motion, Response, and the record, the Court finds as follows.

**I.  Background**

On February 18, 2011, a Grand Jury sitting in the Southern District of Florida returned a Superseding Indictment ("Superseding Indictment," D.E. 39) charging Defendant with the following counts:

---

[1] The Motion is titled "Motion for Compassionate Release," and it requests "Compassionate Release pursuant to 18 U.S.C. § 3582 and U.S.S.G. § 1B1.13." (Mot. at 1.) Because Defendant is not represented by counsel, the Court liberally construes his filings and has re-titled his motion as indicated above. *See Winthrop-Redin v. United States*, 767 F.3d 1210, 1215 (11th Cir. 2014) (holding that courts must liberally construe *pro se* filings).

- conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Count 1);

- substantive Hobbs Act robbery on August 7, 2010, at the Little Caesar's Restaurant at 24655 S.W. 112th Avenue in Miami, Florida (Count 2);

- use and carry of a firearm during the Count 2 robbery in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and 2 (Count 3);

- substantive Hobbs Act robbery on August 31, 2010, at the Amerika Gas Station at 1541 S.E. 12th Avenue, in Homestead, Florida (Count 4);

- use and carry of a firearm during the Count 4 robbery in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and 2 (Count 5);

- substantive Hobbs Act robbery on September 7, 2010, at the Walgreens at 11398 Quail Roost Drive in Miami, Florida (Count 6);

- use and carry of a firearm during the Count 6 robbery in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and 2 (Count 7);

- substantive Hobbs Act robbery on September 15, 2010, at the Advance Auto Parts at 26859 South Dixie Highway in Miami, Florida (Count 8);

- use and carry of a firearm during the Count 8 robbery in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and 2 (Count 9);

- substantive Hobbs Act robbery on September 25, 2010, at the Universal Beauty Salon at 13374 S.W. 288th Street in Miami, Florida (Count 10);

- use and carry of a firearm during the Count 10 robbery in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and 2 (Count 11);

- substantive Hobbs Act robbery on September 26, 2010, at the Wendy's Restaurant at 13485 S.W. 288th Street in Miami, Florida (Count 13);

- use and carry of a firearm during the Count 13 robbery in violation of 18 U.S.C. § 924(c)(1)(A)(iii) and 2 (Count 14).

On March 4, 2011, Defendant pled guilty to Counts 1, 8, 9, 10, and 11 of the Superseding Indictment, (D.E. 65.), and as part of a plea agreement, the Government dismissed the remaining eight counts. (D.E.'s 67, 122.) In other words, Defendant pled guilty to the conspiracy, two substantive Hobbs Act robberies, and two § 924(c) firearm counts; and in exchange, four substantive Hobbs Act robberies and four § 924(c) firearm counts were dismissed.

Defendant's Presentence Investigation Report ("PSR") calculated a total offense level 19 (PSR ¶ 45) and a criminal history category II. (*Id.* ¶ 49.) As a result, the PSR determined an advisory guideline range of 33 to 41 months, plus a stacked consecutive term of 84 months on the first § 924(c) firearm conviction (Count 9) and 300 months on the second § 924(c) firearm conviction (Count 11). (*Id.* ¶ 74.)[2]

On May 17, 2011, the Court sentenced Defendant to 384 months total imprisonment, consisting of credit for time served on the substantive robbery counts, 84 months on the

---

[2] Defendant was not designated as a career offender as he asserts in his Motion. (*See generally* PSR.)

first § 924(c) conviction and 300 months on the second § 924(c) conviction, followed by five years of supervised release. (D.E. 122.) Defendant did not appeal.

Thereafter, the Government filed a Rule 35 Motion for Reduction of Sentence, requesting that the Court reduce Defendant's motion by 33% based upon his substantial assistance. (D.E. 309). On April 12, 2012, the Court granted a sentence reduction to 230 months of imprisonment. (D.E. 326.)

On June 24, 2016, Defendant filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct his sentence, arguing that the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015)[3] invalidated his convictions under 18 U.S.C. § 924(c) (civil case no. 16-cv-22615). The Court denied the motion on the merits and the Eleventh Circuit affirmed. *See Smith v. United States*, 787 F. App'x 684 (11th Cir. 2019). Subsequently, Defendant twice moved for vacation of his sentence, which the Court dismissed as unauthorized successive § 2255 motions. (D.E.'s 475, 477–79.)

Defendant has now filed the instant Motion, arguing that through the "unusually long sentence," "family circumstances," and "other reasons" categories of U.S.S.G. § 1B1.13(b), he has established "extraordinary and compelling reasons" for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). In its Response, the Government opposes compassionate release arguing that Defendant failed to make the requisite showing under the "family circumstances" and "other reasons" categories. The Government further urges the Court to reject the Sentencing Commission's inclusion of "unusually long sentence" in

---

[3] In *Johnson*, the Supreme Court held that the residual clause in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague.

4

U.S.S.G. § 1B1.13(b) as a category of "extraordinary and compelling reasons" for compassionate release under 18 U.S.C. § 3582(c)(1)(A). In the alternative, the Government asserts that the specified 18 U.S.C. § 3553(a) factors independently preclude relief.

## II.     Legal Standards

Generally, "a district court may not modify an imprisonment sentence except where expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure[.]" *United States v. Phillips*, 597 F.3d 1190, 1194 (11th Cir. 2017). Section 3582(c)(1) is a statute that Congress created to fashion a narrow means of modifying a criminal sentence. Section 3582(c)(1)(A)(i) states that the Court may:

> reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction.

18 U.S.C. § 3582(c)(1)(A)(i).

The reduction must also be consistent with U.S.S.G. § 1B1.13. *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021), *cert. denied*, 142 S. Ct. 583 (Dec. 6, 2021) ("In short, we hold that 1B1.13 is an applicable policy statement that governs all motions under Section 3582(c)(1)(A). Accordingly, district courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with 1B1.13."). As relevant here, § 1B1.13 requires that the Court determine that "the

5

defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2).

Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons." 28 U.S.C. § 994(t). On November 1, 2023, the Commission amended the policy statement to include the following six categories that could constitute extraordinary and compelling reasons for a sentence reduction: (1) medical circumstances of the defendant; (2) age of the defendant; (3) family circumstances of the defendant; (4) victim of abuse; (5) other reasons; and (6) unusually long sentence. U.S.S.G. § 1B1.13(b).

Put succinctly, "a district court may reduce a term of imprisonment if (1) the § 3553(a) sentencing factors favor doing so, (2) there are 'extraordinary and compelling reasons' for doing so, and…(3) doing so wouldn't endanger any person or the community within the meaning of § 1B1.13's policy statement." *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021).[4] The Court may consider these three conditions in any order, and, if the Court determines one or more are unmet, it may end its analysis there. *Id.* at 1237–38. The defendant bears the burden to establish that he

---

[4] These § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

is eligible for a sentence reduction. *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014).

### III. Discussion[5]

The Court finds that the Motion must be denied both because (1) the § 3553(a) factors weigh heavily against any reduction in Defendant's sentence, and (2) a reduction in sentence would violate the policy statement established in § 1B1.13.

The nature and circumstances of Defendant's offenses do not support a sentence reduction. In the instant action, Defendant was indicted on six separate armed robberies which occurred at six separate locations between August 7, 2010, and September 26, 2010. The robberies were committed at multiple restaurants, a gas station, an auto parts store, a drug store, and a beauty salon. Employees and patrons of these various establishments were held up at gunpoint and money and personal property was stolen.

As part of a plea agreement, Defendant pled guilty to counts of conspiracy to commit Hobbs Act robbery (Count 1), substantive Hobbs Act Robbery on September 15, 2010 at an Advance Auto Parts (Count 8) and the corresponding § 924(c) firearm charge (Count 9) as well as substantive Hobbs Act robbery on September 25, 2010 at the Universal Beauty Salon (Count 10) and the corresponding § 924(c) firearm charge (Count 11). Defendant also stipulated to the accuracy of the Factual Proffer. (D.E. 66.)

---

[5] As a preliminary matter, the Government concedes that Defendant has exhausted administrative remedies. (Resp. at 5.) As such, the Court proceeds to the merits. *See United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021) (holding that the exhaustion requirement of § 3582(c)(1)(A) is a claim-processing rule that may be waived or forfeited by the Government).

7

Therein, Defendant agreed that on September 15, 2010, he and his co-defendants committed a robbery at an Advance Auto Parts (Count 8). On that date, Defendant and his co-defendants entered the store "all brandishing firearms, their faces covered with t-shirts . . . the men pointed their guns at the victims (some of whom were customers), stole personal property from the victims, and took money from the cash registers." (*Id.* at 2.) Defendant further agreed that on September 25, 2010, he and his co-defendants committed a robbery at the Universal Beauty Salon (Count 10). On that date, Defendant and his co-defendants entered the store "all brandishing firearms, their faces covered with t-shirts[.]" (*Id.*) Defendant then "brandishing his firearm, moved towards the back of the store, where he ordered the employees to open the cash register and stole money from the register." (*Id.*)

The Court finds that the offense conduct, which includes multiple robberies committed on separate dates at separate locations, weighs heavily against a sentence reduction. The crimes were committed in a similar manner, with Defendant and his co-defendants "brandishing firearms, their faces covered with t-shirts[.]" (*Id.*) The offense conduct demonstrates a *modus operandi* or planned pattern of behavior as opposed to a random crime spree or mere isolated incident. Moreover, the crimes of conviction were robberies—crimes which by definition involve "actual and threatened force, violence, and fear of injury[.]" (Superseding Indictment at 6.) Adding to the seriousness, firearms were used, effectively "creat[ing] a grave possibility of violence and death[.]" *United States v. Timmons*, 283 F.3d 1246, 1251 (11th Cir. 2002) (citing *Smith v. United*

8

*States*, 508 U.S. 223, 238 (1993).) Finally, Defendant played a key role in the robberies, brandishing a firearm and stealing from the victims. In sum, the nature and circumstances of the offense conduct reveal a reckless disregard for the rights and safety of others that does not support any reduction in sentence.

The Court further finds that Defendant received a considerable benefit—namely, the dismissal of four substantive Hobbs Act robberies and four § 924(c) firearm offenses—pursuant to his plea agreement. Absent the dismissal of these eight counts, Defendant would have faced a substantially longer sentence considering the mandatory § 924(c) stacking provisions. Given the seriousness of the offense conduct, the fact that Defendant already received the benefit of a lower sentence via his plea agreement weighs against a further reduction.

The history and characteristics of the Defendant similarly do not support a sentence reduction. According to Defendant's Chronological Disciplinary Record, he was sanctioned for: fighting with another person in April 2011, engaging in sexual acts in February 2014, possessing an unauthorized item in August 2014, lying or falsifying a statement in August 2015, refusing to obey an order in February 2016, masturbating and peering at female staff in the dining hall/ disruptive conduct in February 2016, indecent exposure in June 2016, striking another inmate in July 2016, possessing an unauthorized item in July 2017, possessing a hazardous tool in May 2022, and using drugs/alcohol in January 2023. (D.E. 483-1.) The Court finds that Defendant's

extensive prison disciplinary record, which includes violent offenses, weighs heavily against a sentence reduction.

The Court is likewise cognizant of its duty to "promote respect for the law, provide just punishment for the offense, [and] afford adequate deterrence to criminal conduct[.]" 18 U.S.C. § 3553(a)(2). In a case involving multiple armed robberies, an especially serious and dangerous crime, a sentence reduction would undermine the strong interest in deterring other individuals throughout society from acting unlawfully and committing similar offenses. Moreover, the Court does not believe that a sentence reduction is appropriate in such a serious case where the Defendant has already received the benefit of a reduced sentence via the charges dismissed under his plea agreement. Under the circumstances of this case, Defendant's sentence is sufficient, but not greater than necessary, to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes by the Defendant. 18 U.S.C. § 3553(a)(2)(A) – (C).

Furthermore, Defendant's conduct while incarcerated leaves the Court unconvinced that "the defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). The post-conviction incidents detailed above, combined with the violent nature of Defendant's offense conduct, do not persuade the Court that Defendant is not a danger to the safety of the community.

10

In sum, the Court finds that the § 3553(a) factors do not favor a sentence reduction and that Defendant is a danger to the safety of the community. Therefore, Defendant's Motion must be denied.

## IV. Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (D.E. 480) is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 19th day of April, 2024.

**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**